Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| IN RE: | CASE NO. 3:15-bk-30306 |
|---|---|
| DAVID MILAN HAUGHT, | CHAPTER 7 |
| Debtor. | JUDGE FRANK W. VOLK |

**MEMORANDUM OPINION AND ORDER
AND ACCOMPANYING FINDINGS OF FACT
AND CONCLUSIONS OF LAW
ADJUDICATING DEBTOR'S AMENDED OBJECTION TO
PROOF OF CLAIM NUMBER 3**

Pending is the Debtor David Milan Haught's Amended Objection [Dckt. 47] to Proof of Claim # 3 filed by Appalachian Carpet Cleaners Inc.

On November 10, 2016, the Court convened an evidentiary hearing on the objection. The Court now enters is findings of fact and conclusions of law.

I.

The Court makes the following findings of fact by a preponderance of the evidence based upon the testimony and exhibits received into evidence during the November 10, 2016, evidentiary hearing.

A.   *Findings Regarding the Timing and Substance of Events*

On July 16, 2015, Mr. Haught petitioned for relief under Chapter 7 of the Bankruptcy Code. On February 9, 2016, Appalachian Carpet Cleaners, Inc. ("Appalachian") filed proof of claim

number 3 in the amount of $6,150 for services performed. Appalachian asserted that the claim was not subject to setoff. The proof of claim is signed by Kenneth Fly, Appalachian's President.

Appalachian's proof of claim arises from HVAC duct cleaning work that it performed at Crum Middle School in Crum, West Virginia, by a subcontract with Mr. Haught, who was doing business as Indoor Air Quality Solutions, also referred to as IAQ Solutions, Inc. (referred to collectively as "Mr. Haught"). Mr. Haught requested that Appalachian professionally clean the ducts to remove microbial growth discovered by IAQ. Work of this type is customarily performed by collecting the ejected substances into filters and bags, with all contaminants contained for sanitary removal. This approach was essential given the presence of school personnel and young students on site. Time was of the essence inasmuch as the school was vacant during spring break from March 30 to April 8, 2013.

On March 29, 2016, Appalachian commenced the work. On March 30, 2013, Mr. Haught visited the school and found a black carbon soot deposit throughout the interior. The deposit had contaminated items that included computer equipment, textbooks, floors, water fountains, and lab sinks. Some ducts had not been cleaned and grates covering the ducts were removed, causing damage and associated debris. The level of contamination was profound. One exhibit admitted into evidence, which was sent by Mr. Fly to Mr. Haught via electronic mail, depicts an Appalachian employee whose face is covered in the black particulate matter. Mr. Fly found the photograph humorous. He stated in an accompanying email message as follows: "This is what we looked like after finishing the school. Me and my helper pictured here, Jason, a [C]aucasian man, both looked like coal miners." (Ex. D, Cred.'s Br.). Mr. Haught sent the picture to the Occupational Safety and Health Administration.

Mr. Haught attempted to contact Appalachian by telephone without success. On March 31, 2013, given the impending return of school personnel and students on April 8, 2013, Mr. Haught decided to remediate the contaminated sites himself. He purchased various cleaning materials,

2

including a steam cleaning device costing $3,000 that was unavailable for leasing. Mr. Haught and a cleaning crew in his employ sanitized the school hallways, followed by the floors, desks, lights and other surfaces. The task was accomplished by the crew working 12-14 hour days from March 31 to April 7, 2016.

Mr. Haught was later hospitalized. He received a demand for payment from Appalachian in the amount of $6,150. Mr. Haught attempted to pay the full amount but sent it to the wrong address. Appalachian instituted an action in the Circuit Court of Wayne County to recover the amount due.

### B.   *Findings Respecting Credibility*

Mr. Haught is an indoor environmental specialist with 18 years of experience. He is well credentialed in the area of indoor air quality. He would reasonably and naturally have been expected to take precautions to select a subcontractor who would aid and assist him in reducing the air contaminant flow in the school. He would also be reasonably and naturally certain to avoid and prevent the introduction of substantial contaminants onto school surfaces and into the air. Mr. Haught is found to have testified accurately in all respects, even admitting that he attempted to pay in full the invoice tendered to him by Appalachian. For these reasons, the Court fully credits Mr. Haught's version of events.

Mr. Fly, who has been in the duct cleaning business for 35 years, testified that he knew the school burned coal for heat over the course of 70 years. He further testified that he explained to Mr. Haught and the school janitorial staff that dust would exit the vents in the ductwork. He added that Mr. Haught and the janitorial staff stated they would take care of it. Later in his testimony, however, Mr. Fly contended that he "tried every way in the world" to catch the dust but could not do so. This testimony is in conflict inasmuch as Mr. Fly suggests, on the one hand, that it was the

responsibility of Mr. Haught and the janitorial staff to clean the deposited materials and, on the other hand, that he attempted to avoid any materials escaping the duct cleaning process. Further, Mr. Fly's suggestion that he tried to "catch it all" is incredible given the heavy deposits of soot and contaminants that appear in the photographs admitted into evidence.

For these and other reasons, the Court does not find Mr. Fly credible and rejects his version of events.

## II.

A.  *Governing Standard*

The filing of a proof of claim is governed by 11 U.S.C. § 501(a) and Federal Rule of Bankruptcy Procedure 3001. A proof of claim is a "'form filed by a creditor in a bankruptcy proceeding that states the amount the debtor owes to the creditor and the reason for the debt.'" *In re Dubois*, No. 15-1945, 2016 WL 4474156, at *1 (4th Cir. Aug. 25, 2016) (quoting *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 244 n.1 (4th Cir. 2015)); *see also Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004) ("A proof of claim is the creditor's statement as to the amount and character of the claim"). Such a filing commences an action within the bankruptcy proceeding to establish the "provability, priority, amount, etc." of the claim. *In re Ira Haupt & Co.*, 253 F. Supp. 97, 98–99 (S.D.N.Y 1966).

A timely filed claim is allowed absent an interested party's objection. 11 U.S.C. § 502(a). When the objection is made, the issues are joined, and the Court must adjudicate the claim's amount and validity. 11 U.S.C. § 502(b). Our court of appeals' oft-cited decision in *In re Harford Sands* prescribes the evidentiary rules for establishing the amount and validity of the proof of claim. As noted, the creditor's filing of a proper proof of claim amounts to "prima facie evidence" of its

"amount and validity . . . ." *In re Harford Sands, Inc.*, 372 F.3d at 640. This prima facie showing triggers a burden shift to the debtor, who may object and then "rebut the claim's presumptive validity." *In re Harford Sands, Inc.*, 372 F.3d at 640. The shifted burden obligates the debtor to tender evidence negating at least one fact supporting the proof of claim's sufficiency, giving rise to a legitimate contest, with evidentiary weight, meeting that found in the claim. When the debtor crosses this threshold, the creditor must ultimately prove the amount and validity of the claim by a preponderance of the evidence. *In re Harford Sands, Inc.*, 372 F.3d at 640.

Importantly, "[T]he allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers." *Canal Corp. v. Finnman*, 960 F.2d 396, 404 (4th Cir.1992).

*B.    Analysis*

Based upon the record and the foregoing findings of fact, the Court concludes that the proof of claim constitutes prima facie proof of its amount and validity. The Court further concludes, however, the Mr. Haught has satisfied his burden to rebut the claim's validity, demonstrating by a preponderance of the evidence that the claim is invalid. The invalidity arises from the showing by a preponderance of the evidence that the contracted job was not performed in a workmanlike manner and is setoff in its entirety by Mr. Haught's expenditures to remediate the contamination caused by the improper cleaning. The creditor has failed ultimately to prove the amount and validity of the claim by a preponderance of the evidence.

It is, accordingly, **ORDERED** that Mr. Haught's Amended Objection be, and hereby is, sustained. It is further **ORDERED** that Proof of Claim # 3 be, and hereby is, stricken.